DELL, J.
This appeal is from an Order denying appellant’s motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and the Order denying his motion for rehearing. We reverse and remand.
On March 31, 2000, appellant filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in which he argued that he was entitled to resentencing in seven (7) cases on the authority of Heggs v. State, 759 So.2d 620 (Fla.2000). The State, in its Response, conceded that appellant was entitled to resentencing on all of the cases except Count II (Grand Theft) of Case No. 96-6084. It claimed that Count II carried a five-year sentence that could have been imposed under the 1994 guidelines. See Heggs, 759 So.2d at 627. In Heggs, the supreme court wrote: “[I]f a person’s sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here.” Id. The State failed to note that appellant’s conviction in Count II (Grand Theft) of case number 96-6084 had been vacated in 1998.
On June 6, 2000, the trial court entered an Order which granted appellant’s motion for resentencing as to six (6) of the convictions, but denied the resentencing as to Count II of case number 96-6084. This previously vacated conviction was scored on the 1994 sentencing guidelines score-sheet under which appellant was resen-tenced. The State concedes that the cause must be remanded for correction of the scoresheet and resentencing. We agree and vacate appellant’s sentence on Count II in Case No. 96-6084 and remand this cause for correction of his scoresheet to delete that offense.
Appellant also argues that the Department of Corrections (“DOC”) is under the mistaken impression that he was resen-tenced only as to Count I (Burglary of a Dwelling) in Case Number 96-6084, when in fact he was resentenced in all seven (7) of his cases, on the burglary counts, i.e., Case Numbers 96-6084, 96-6254, 96-6255, 96-6256, 96-6546, 96-7553, and 96-9053. Appellant claims that based on this mistake, DOC has miscalculated his release date. We note, however, that on November 6, 2000, after the briefs had been filed, appellant filed a Motion to Correct/Clarify Amended Sentence in which he brought this issue to the trial court’s attention. On November 16, 2000, the trial court granted the motion and entered a “Corrected Amended Sentence” in. which appellant was resentenced to concurrent sentences in all of his burglary counts pursuant to the 1994 guidelines, with credit for time served.
Finally, appellant’s sentences must be reconsidered under the 1994 sentencing guidelines because the scoresheet used at resentencing erroneously included the previously vacated conviction.
REVERSED and REMANDED.
STEVENSON and GROSS, JJ., concur.